Case 2:22-cv-00181   Document 10   Filed on 08/18/22 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
August 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL NEAL MARTIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00181 |
| | § | |
| LARRY BUSBY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION
# TO DISMISS ACTION

Plaintiff Daniel Neil Martin is a Texas inmate appearing *pro se* and *in forma pauperis*. Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983, attempting to raise claims against law enforcement officers who allegedly failed to investigate and prosecute civilian actors who allegedly committed crimes against Plaintiff prior to Plaintiff being incarcerated. Plaintiff's case is subject to screening in accordance with the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends Plaintiff's complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because his claims are frivolous and/or failure to state a claim on which relief may be granted. The undersigned recommends further that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

## I.     JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.    PROCEDURAL BACKGROUND

Plaintiff is an inmate in the Live Oak County Jail. On August 1, 2022, this Court received Plaintiff's Prisoner Civil Rights Complaint Form wherein he seeks relief under § 1983. (D.E. 1). Plaintiff named five Live Oak County law enforcement officers as defendants: (1) Sheriff Larry Busby, (2) Chief Deputy Charlie Stroleny, (3) Deputy Nolan, (4) Deputy Peerman, and (5) Deputy Salinas.

On August 3, 2022, the undersigned granted Plaintiff's application to proceed *in forma pauperis*. (D.E. 6). The undersigned reviewed Plaintiff's complaint and determined that Plaintiff's claims were not sufficiently stated to allow the undersigned to conduct a preliminary frivolity review in accordance with the Prison Litigation Reform Act. Therefore, by separate order (D.E. 7), Plaintiff was ordered to file a More Definite Statement. In this order, Plaintiff was given instructions regarding completing the More Definite Statement. He was further cautioned that his claims are unclear and that his case is subject to dismissal.

On August 15, 2022, the Court received Plaintiff's More Definite Statement. (D.E. 9).

## III.   PLAINTIFF'S ALLEGATIONS

The following allegations are taken from Plaintiff's Prisoner Civil Rights Complaint Form, his supplement (D.E. 1-1), and his More Definite Statement (D.E. 9). Plaintiff is an inmate at the Live Oak County Jail. Plaintiff alleges the complained-of activities occurred from

December 2019 to the present, or at least until he was incarcerated.  (D.E. 9, Page 2).  Plaintiff alleges that prior to his incarceration he was the victim of a series of violent incidents by civilian actors.  (D.E. 9).  The alleged crimes against Plaintiff by civilian actors include Plaintiff being threatened, hit with rocks, punched in the face, shot at, assaulted and the victim of attempted murder.  Plaintiff alleges he made nineteen calls to Live Oak law enforcement authorities regarding the assaultive behavior of his assailants.  (D.E. 1-1, Page 1).  He further alleges that none of the assailants was ever arrested or charged.  However, Plaintiff states that he was arrested in connection with the last three calls to the law enforcement authorities.[2]  Plaintiff lists the names of the civilian actors in a separate letter in which he explains he is pursuing a separate civil action against those individuals.  (D.E. 1-3).

Plaintiff names five Live Oak County law enforcement officers as defendants.  Plaintiff alleges that each of the defendants ignored Plaintiff's complaints, failed to investigate the violent crimes against Plaintiff, and failed to charge the civilian actors with any offense.  Plaintiff also alleges Sheriff Busby failed to supervise his subordinates.

## IV.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from

---

[2] Plaintiff has filed a separate civil action relating to the conditions of his confinement in the Live Oak County Jail.  *Daniel Neal Martin v. Live Oak County Jail et al.,* 2:22-cv-00156 (filed July 13, 2022)(Judge D. Tipton presiding).  Plaintiff attached an indictment issued by the Live Oak County grand jury on June 14, 2022 charging Plaintiff with three counts of felony assault.  *See* 2:22-cv-00156, D.E. 1-1.  The attachments in the related case indicate the calls to the police were in connection to allegations of domestic violence wherein law enforcement personnel believed Plaintiff to be the aggressor. *See* 2:22-cv-00156, D.E. 1-1, D.E. 1-2.

a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

A complaint is deficient and is subject to summary dismissal under Rule 12(b)(6) if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of

its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## V.  ANALYSIS

### A.  Defendants' Failure to Investigate or Prosecute

Plaintiff's claim relating to Defendants failing to investigate or prosecute other persons fails to state a claim upon which relief can be granted because Plaintiff does not have a constitutional right to have anyone criminally prosecuted or investigated. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (holding that the plaintiff did not have the constitutional right to a criminal prosecution against prison guards who allegedly beat him); *Green v. Revel*, 413 F. App'x 698, 700 (5th Cir. 2011) ("To the extent that [the plaintiff] sought a criminal investigation of [his cellmate], [Plaintiff] did not have a constitutional right to have a criminal investigation conducted or the offender prosecuted"). The Supreme Court has held that

private citizens lack a judicially cognizable interest in the prosecution or non-prosecution of another. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, (1973).

Therefore, the undersigned respectfully recommends the Court dismiss Plaintiff's claims that Defendants ignored Plaintiff and failed to investigate or prosecute civilian actors who allegedly committed crimes against Plaintiff.

### B.     Defendants' Failure to Protect

It is well settled that the Eighth Amendment's proscription against cruel and unusual punishment requires prison officials to protect inmates from violent attacks by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Plaintiff, however, was not in custody at the time of the assaults, thus the Eighth Amendment is not implicated. Liberally construed, Plaintiff's complaint could be construed as an attempt to raise a claim under the Fourteenth Amendment. The Fourteenth Amendment prohibits any state deprivation of life, liberty, or property without due process of law. Determining whether a violation has occurred involves a two-part analysis: (1) the Court must determine "whether the asserted individual interests are encompassed within the Fourteenth Amendment's protection of 'life, liberty or property'; and if protected interests are implicated, (2) what procedures constitute "due process of law." *Ingraham v. Wright*, 430 U.S. 651, 672, (1977) (citations omitted). This right may be violated through the infliction of state-occasioned bodily harm. *See generally DeShaney v. Winnebago Cnty. Dept of Soc. Servs.*, 489 U.S. 189 (1989).

While "[t]here is a recognized substantive due process right for individuals to be free from bodily harm caused by the state, [ ] as a general rule[3], there is no constitutional duty that requires state officials to protect persons from private harms." *Kovacic v. Villarreal*, 628 F.3d 209, 213 (5th Cir. 2010) (citing *DeShaney*, 489 U.S. at 196-97). "[A] State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney*, 489 U.S. at 197. The purpose of the Due Process Clause "was to protect the people from the State, not to ensure that the State protected them from each other." *Id.* at 196. The Due Process Clause of the Fourteenth Amendment "generally confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *Id.*

Under the facts of this case, Plaintiff's allegation that Defendants failed to protect him from the assaults of civilian actors while Plaintiff was not in custody does not implicate the Fourteenth Amendment. Therefore, the undersigned recommends that Plaintiff's failure to protect claims be dismissed with prejudice.

## VI.     RECOMMENDATION

For the reasons stated above, it is respectfully recommended that all of Plaintiff's claims be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). It is further respectfully recommended that this dismissal be counted as a "strike" for frivolous filing as

---

[3] The special relationship exception to this rule requires a law enforcement official to protect against private violence in certain circumstances. *See McClendon v. City of Columbia*, 305 F.3d 314, 324 (5th Cir. 2002) (per curiam) (citing *DeShaney*, 489 U.S. at 200). The exception is not applicable in the instant case because Plaintiff was not in custody or restrained at the time of the alleged failure to protect. *See Walton v. Alexander,* 44 F.3d 1297, 1303 (5th Cir. 1995).

described by 28 U.S.C. § 1915(g) and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

    Respectfully recommended on August 18, 2022.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).