United States District Court
Southern District of Texas
**ENTERED**
October 21, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DANIEL NEAL MARTIN, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:22-CV-00181 |
| § | |
| LARRY BUSBY, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

Plaintiff Daniel Neal Martin, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). (D.E. 18). For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motion be **DENIED**.

**I.  BACKGROUND**

Plaintiff is confined at the Live Oak County Jail in George West, Texas. In his Original Complaint, Plaintiff named five Live Oak County law enforcement officers as defendants: (1) Sheriff Larry Busby, (2) Chief Deputy Charlie Stroleny, (3) Deputy Nolan, (4) Deputy Peerman, and (5) Deputy Salinas. (D.E. 1). As directed by the Court, Plaintiff filed a More Definite Statement to explain his claims. (D.E. 9).

Plaintiff alleged that Defendants failed to investigate and prosecute civilian actors who allegedly committed crimes against Plaintiff prior to Plaintiff being incarcerated. Plaintiff alleged that each defendant ignored Plaintiff's complaints, failed to investigate the violent crimes against Plaintiff, and failed to charge the civilian actors with any offense. Plaintiff also alleged Sheriff Busby failed to supervise his subordinates.

On August 18, 2022, the undersigned issued a Memorandum and Recommendation (M&R), concluding that: (1) Plaintiff did not have a constitutional right to have anyone criminally prosecuted or investigated; and (2) Plaintiff's allegations regarding Defendants' failure to protect him from the assaults of civilian actors did not implicate the Fourteenth Amendment's due process clause. (D.E. 10, pp. 5-7). The undersigned recommended that all of Plaintiff's claims be dismissed with prejudice for failure to state a claim for relief and/or as frivolous. (D.E. 10, p. 7). The undersigned further recommended that the dismissal of this case count as a strike pursuant to 28 U.S.C. § 1915(g). (D.E. 10, pp. 7-8).

Plaintiff did not file any objections to the M&R. On September 16, 2022, District Judge David S. Morales adopted the M&R in its entirety, dismissed Plaintiff's claims with prejudice, and ordered the dismissal to count as a strike. (D.E. 15). That same day, the Court entered Final Judgment against Plaintiff. (D.E. 16). On October 3, 2022, Plaintiff filed a timely Rule 59(e) Motion to Alter or Amend Judgment. (D.E. 18).

## II.   DISCUSSION

A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). A Rule 59(e) motion serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *Templet v. HydroChem Inc.,* 367 F.3d 473, 478-79 (5th Cir. 2004). A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Id.* In other words, "a 'Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction' and a party cannot attempt to obtain 'a second bite at the apple' on issues that were previously addressed by the parties and the Court." *N. Cypress Med. Ctr. Operating Co. v. Blue Cross Blue Shield*, No. H-08-2379, 2010 WL 2245075 at * 1 (S.D. Tex. Jun. 2, 2010) (quoting *Alvarado v. Texas Rangers*, No. 03-CA-0305, 2005 WL 1420846, at *2 (W.D. Tex. June 14, 2005)). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Templet*, 367 F.3d at 479.

In his Rule 59(e) motion, Plaintiff contends that the Court overlooked his claim advanced under the Fourteenth Amendment's Equal Protection Clause. (D.E. 18, p. 1). Plaintiff states in the motion that he was discriminated against by reason of "sex and gender" because: (1) in one incident where a female allegedly assaulted him with rocks, they were both arrested with the female eventually being released while Plaintiff was taken

to jail; and (2) in another incident, Plaintiff was arrested following an incident where he allegedly hit the same female with rocks. (D.E. 18, pp. 1-2).

In his Original Complaint and More Definite Statement, Plaintiff makes passing references to Defendants discriminating against him. (D.E. 1, pp. 3-4; D.E. 1-1, pp. 3-4). He made no specific reference in his pleadings to being the victim of gender discrimination. Plaintiff failed to file any objections to the M&R or otherwise raise any argument regarding an equal protection violation on the basis of gender before the Court entered its Final Judgment. Plaintiff, therefore, may not utilize a Rule 59(e) motion to argue legal theories that he should have raised before the entry of Final Judgment in this case. *Templet,* 367 F.3d at 478-79

Moreover, even assuming Plaintiff's successfully raised an equal protection claim for gender discrimination in his Original Complaint and More Definite Statement, he has failed to state a claim for relief. The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). To succeed on an equal protection claim, a plaintiff must prove purposeful discrimination resulting in a discriminatory effect among persons similarly situated. *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987); *Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992).

"Discriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not

simply in spite of, the adverse impact it would have on an identifiable group." *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995) (*citing United States v. Galloway*, 951 F.2d 64, 65 (5th Cir. 1992)). A plaintiff must allege specific acts supporting a claim of discrimination, as opposed to his personal belief that discrimination played a part in the situation. *Id.*

Rather than allege specific facts of gender discrimination, Plaintiff advances his personal belief that such discrimination played a role in connection with the decisions to arrest him on assault for throwing rocks and not arresting a female civilian for similar conduct. Plaintiff provides no specific allegations to suggest that any defendant intentionally engaged in actions to adversely impact males as a group with respect to these arrests. Accordingly, Plaintiff has failed to state an equal protection claim.

## III. RECOMMENDATION

For the reasons set forth above, Plaintiff presents nothing to demonstrate that a manifest error of law or fact has occurred to cause the Court to alter or amend the Final Judgment entered on September 16, 2022. Accordingly, the undersigned respectfully recommends that Plaintiff's Rule 59(e) motion (D.E. 18) be **DENIED**.

Respectfully submitted on October 21, 2022.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).