United States District Court
Southern District of Texas
**ENTERED**
December 19, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL NEAL MARTIN, | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:22-CV-00181 |
| | § | |
| LARRY BUSBY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Jason Libby's Memorandum and Recommendation ("M&R"). (D.E. 19). The M&R recommends that Plaintiff's Rule 59(e) motion to alter or amend judgment be denied. (D.E. 18); *see* FED. R. CIV. P. 59(e). Plaintiff timely filed written objections to the M&R. (D.E. 20).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Plaintiff's objections fail to allege any specific errors in the M&R. *See* (D.E. 20).[1] Rather, Plaintiff asks for "the courts to help [him] show the discrimination and corruption that has led to

---

[1] To the extent, if any, Plaintiff is attempting to move for appointment of counsel within his objections to the M&R, *see id.* at 1–2, the Court notes that Plaintiff filed a separate motion for appointment of counsel on the same day he filed the instant written objections, *see* (D.E. 21). This motion was subsequently denied. (D.E. 23). The Court declines to disturb this ruling. *See Huynh v. Baze*, 317 F. App'x 397, 399 (5th Cir. 2009) ("[T]he district court is not required to appoint counsel for indigent planitiffs unless the case presents exceptional circumstances.") (internal quotations omitted).

1 / 3

[him] being wrongfully incarcerated." (D.E. 20, p. 6). In his objections, Plaintiff alleges he was discriminated against by various law enforcement officers based on his gender. *See id.* at 2–6.

To succeed on a Rule 59(e) motion to alter or amend judgment, the moving party "must establish the existence of an appropriate basis for reconsideration." *Am. Registry Radiologic Technologists v. Garza*, 512 F. Supp. 2d 902, 904 (S.D. Tex. 2007) (Tagle, J.). The most prevalent bases for reconsideration are (1) a need to correct errors of law or fact; and (2) the discovery of new, or previously unavailable, evidence. *Id.* A Rule 59(e) "motion is *not* the proper vehicle for rehashing evidence, legal theories, or *arguments that could have been offered or raised before the entry of judgment.*" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (emphasis added). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* at 479.

As the M&R discusses, *see* (D.E. 19, p. 4), Plaintiff made only fleeting references to Defendants discriminating against him in his original complaint and his more definite statement, and Plaintiff did not state that he was discriminated against based on his gender in either of these pleadings. *See* (D.E. 1, p. 3–4; D.E. 1-1, p. 3; D.E. 9, p. 2–4).[2] Further, Defendant did not file written objections to Judge Libby's D.E. 10 M&R,[3] which recommended dismissing all of Plaintiff's claims with prejudice. *See* (D.E. 10, p. 7). Had Plaintiff filed proper written objections to the D.E. 10 M&R, he could have raised and argued his gender-based discrimination claims prior

---

[2] Plaintiff argued that Defendant Sheriff Busby discriminated against him "based off the assailants having a prior relationship." (D.E. 9, p. 2). He also argued that Defendants Nolan, Peerman, and Salinas targeted him "based off prior felonies and participating in human trafficking." (D.E. 1-1, p. 3).

[3] In Plaintiff's D.E. 24 memorandum, he posits that he did file a written objection to Judge Libby's D.E. 10 M&R. (D.E. 24). Plaintiff references an attachment to his first motion for appointment of counsel. *See id.* at 3 (referencing D.E. 13-1). While this document is labeled "written objection," it does not reference the D.E. 10 M&R at all nor does it discuss the M&R's recommendation to dismiss Plaintiff's claims. *See* (D.E. 13-1). Rather, it reiterated Plaintiff's request for appointment of counsel. *See id.*; *see also* (D.E. 13).

to the Court's adopting the M&R and entering final judgment. *See* (D.E. 15) (order adopting M&R); (D.E. 16) (final judgment). However, final judgment has now been entered, and Plaintiff's gender-based discrimination "arguments . . . could have been offered or raised before the entry of judgment." *See Templet*, 367 F.3d at 479. The evidence and factual allegations that Plaintiff relies on to establish his gender-based discrimination claims were available prior to the Court's entry of final judgment, and there are no errors of law or fact in the M&R that need correction. *See Garza*, 512 F. Supp. 2d at 904.

As such, having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections were directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections. (D.E. 20). Accordingly:

(1) The Court **ADOPTS** the M&R in its entirety. (D.E. 19).

(2) The Court **DENIES** Plaintiff's Rule 59(e) motion to alter or amend judgment. (D.E. 18).

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
December 19, 2022